UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTINE M. WALKER,

        Plaintiff,

v.          Case No: 6:12-cv-1025-Orl-36DAB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER

This cause comes before the Court upon consideration of Magistrate Judge David A. Baker's Report and Recommendation (Doc. 4), recommending that Plaintiff Kristine M. Walker's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") be denied. Plaintiff filed an objection to Judge Baker's Report and Recommendation ("Objection") (Doc. 6). This matter is ripe for review.

## BACKGROUND

Plaintiff filed a Complaint on July 5, 2012, seeking review of the Commissioner of the Social Security Administration, Michael J. Astrue's ("Defendant") decision denying Plaintiff's application for Social Security disability benefits ("SSDI") and Supplemental Security Income benefits ("SSI"). Doc. 1. Plaintiff alleges that although she mailed her appeal before the sixty (60) day deadline, the Social Security Appeals Council denied her request for review as untimely. *Id.*, p. 2. Along with her Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") on July 5, 2012. Doc. 2; *see* 28 U.S.C. § 1915. Plaintiff's

1

listed assets in her IFP Motion include a car, valued at $3,000. *Id.*, p. 8. Also, Plaintiff affirms she is the custodian for her son's bank account, containing $1,800 that she cannot access. *Id.*

In the Report and Recommendation, Judge Baker recommends that Plaintiff's IFP Motion be denied because it "shows that she has substantial assets", and thus does not qualify to proceed *in forma pauperis*. Doc. 4, p. 1.

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512-13 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge, after conducting a careful and complete review of the findings and recommendation, may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright,* 681 F.2d 732 (11th Cir. 1982), *cert. denied,* 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S.*, 896 F.2d at 512 (quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.,* 37 F.3d 603, 604 (11th Cir. 1994).

## ANALYSIS

In the Eleventh Circuit, a district court has wide discretion in ruling on an application for *In Forma Pauperis* ("IFP") status, and should grant the privilege "sparingly" in civil cases for damages. *Thomas v. Secretary of Dept. of Veterans Affairs*, 358 Fed. Appx. 115, 116 (11th Cir. 2009). However, a district court cannot act arbitrarily or deny the application on erroneous grounds. *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306-07 (11th Cir. 2004). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court …. is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307. A person need not be "absolutely destitute" or reduce herself to a public charge in order to proceed IFP, rather "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* A district court may not deny an IFP motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement. *Id.* at 1307-08; *Thomas*, 358 Fed. Appx. at 116 (holding that by failing to compare plaintiff's assets against her liabilities to determine whether she satisfied the poverty requirement, the district court abused its discretion in denying plaintiff's IFP application). Moreover, a district court may look beyond a party's application for IFP in order to determine their financial condition. *Martinez*, 364 F.3d at 1307 n. 3.

In this case, Plaintiff declares in her IFP Motion that she has no money in cash or any bank account. Doc. 2, p. 8. Plaintiff affirms that she pays $25 monthly in child support for her one son, and $400 monthly in rent, but is in arrears for each of these liabilities. *Id.* Plaintiff indicates that she has been unemployed since April 21, 2008. *Id.* She possesses an additional

$900 debt to "Minges Creek Storage". *Id.* Plaintiff's only income is the $200 monthly she receives in food stamp assistance. *Id.* Plaintiff affirms that she owns a car worth approximately $3,000, and is the custodian of her son's bank account, containing $1800. *Id.* In her Objection to the Magistrate's Report and Recommendation, Plaintiff reiterates that she is merely the legal custodian of her son's bank account, and attaches an account statement from Edward Jones, which was not provided to the Magistrate Judge. Doc. 6, p. 1; Doc. 6-Ex. 1. The account statement indicates that it is a "Custodian Account", and although the first name of the account holder is redacted, it has four letters and middle initial "E", last name "Walker".[1] Doc. 6-Ex. 1. Thus, the Court is satisfied that Plaintiff is the custodian, not the holder of this bank account.

Upon consideration of Plaintiff's Objection, and in light of evidence that Plaintiff has no assets besides her car and several outstanding liabilities, coupled with additional documentation reflecting that Plaintiff may not use the assets in the custodial account for her benefit, the Court will reject the Magistrate Judge's Report and Recommendation. Doc. 4; *see Shipp v. Bucher*, 260 Fed. Appx. 245 (11th Cir. 2008) (vacating a denial of leave to proceed IFP where the district court failed to explain its reasons for denying IFP, and plaintiff asserted he had $320 in his prison account and no other assets); *Kirk v. Bates Electric*, 2007 WL 2071279, *2 (M.D. Fla. 2007) (finding plaintiff was indigent for purposes of §1915, having shown the requisite inability to pay where he was unemployed, had no money in bank accounts, received welfare aid, lived with his mother and paid $80 in monthly rent and $200 in monthly child support); *cf. Trimble v. Volz*, 2008 WL 4490181, *1 (M.D. Fla. 2008) (affirming denial of an IFP application where plaintiff's wife was employed as a store manager, they owned their home, plaintiffs received

---

[1] The account's current value is listed as $1,042.82, not the $1800 Plaintiff indicated was in this account in her IFP Motion. *See* Doc. 6-Ex. 1; Doc. 2, p. 8.

pensions, had stocks, and received monthly social security benefits). Having reviewed Plaintiff's assets and liabilities, the Court determines that she does not have substantial assets and meets the poverty requirement. *Martinez*, 364 F. 3d at 1307-08; *Thomas*, 358 Fed. Appx. at 116. Therefore, the Court will grant Plaintiff's IFP Motion.

Accordingly, it is hereby **ORDERED**:

1. Upon consideration of Plaintiff's objection, which clarifies the custodial account identified in Plaintiff's affidavit, the Report and Recommendation of the Magistrate Judge, filed on July 5, 2012 (Doc. 4) is rejected.

2. Plaintiff Kristine M. Walker's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED.** Plaintiff is a pauper and entitled to proceed with the case without payment of a filing fee. The Clerk of Court shall mail summonses and Marshal 285 forms to Plaintiff for completion and return to the Court within fifteen (15) days of mailing.

**3.** The Clerk is directed to provide the completed forms to the United States Marshal. Upon receipt of the completed forms, **the United States Marshal is directed to serve them upon the Defendant without cost to Plaintiff.** The Clerk of Court is directed to provide a copy of this Order to the United States Marshals Service.

**DONE** and **ORDERED** in Orlando, Florida on October 1, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
U.S. Magistrate Judge David A. Baker