# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KRISTINE M. WALKER,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:12-cv-1025-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 24)**
>
> **FILED:**      **May 6, 2013**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part** as set forth below. The case will be **REMANDED** to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of new material evidence not previously presented to the Appeals Council.

Plaintiff has filed an appeal from the Commissioner's dismissal of her request for review of her application for disability insurance benefits. The Commissioner contends that judgment should be entered for the Commissioner because Plaintiff's request for review of the decision to the Appeals Council was untimely and was therefore properly dismissed.

*Procedural History and Background*

On April 24, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits R. 112-19. Plaintiff's claim was denied initially and upon reconsideration, and

Plaintiff requested a hearing before an administrative law judge. R. 88-92. On July 1, 2010, Plaintiff appeared at a hearing before an administrative law judge (ALJ), where she was unrepresented, having waived her right to representation in February 2010[1].  R. 33, 97.

On July 22, 2010, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Social Security Act.  R. 18-32; Doc. 1 ¶ 4.  Plaintiff contends that, "on or shortly after August 12, 2010," she timely filed a request for review to the Appeals Council with information on her condition.  Doc. 1 ¶ 5. On November 15, 2010, Plaintiff called the Social Security 800 number to check the status of her request for review, and was told the August 2010 letter had not been processed or received; the government representative instructed her to send another letter and attach a note explaining what happened. Doc. 1 ¶ 6.  Immediately after this conversation, Plaintiff alleges that she re-mailed her request for review, this time with a tracking number.  Doc. 1 ¶ 7.

In August 2011, Plaintiff called again to check on the status of her case and was informed that her November 15, 2010 letter had not been received, despite the fact that Plaintiff had a tracking number; she was told to speak to the Social Security office in Melbourne, Florida. Doc. 1 ¶ 8.  Based on the instructions of the Melbourne office, on August 30, 2011, Plaintiff mailed a copy of her November 15, 2010 letter (R. 15), with a certified mail tracking number. Doc. 1 ¶ 9.  The letter mailed on August 30, 2011 was received by ODAR on September 6, 2011.  R. 17.

On March 13, 2012, the Appeals Council denied Plaintiff's request for review as untimely, noting that she failed to submit proof that she had appealed before the deadline.  Doc. 1 ¶ 10; R. 11. The Appeals Council Order Dismissing Plaintiff's Request for Review additionally stated that Plaintiff had the right to court review of the dismissal of her request for review as provided in Acquiescence Ruling 99-4(11), *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). "That ruling

---

[1] Plaintiff has a high school education plus a semester of college in accounting.  R. 37.

states that notices sent by the Appeals Council which dismiss requests for review of Administrative Law Judge decisions will advise claimants of their right to request judicial review, if they live in Alabama, Florida or Georgia at the time of the Appeals Council dismissal." R. 10.

Plaintiff obtained representation on April 20, 2012 (R. 8), and filed a request for review of the ALJ's decision on a Social Security Administration (SSA) form on May 7, 2012. R. 7. Plaintiff filed her Complaint seeking judicial review in this Court on July 5, 2012, after receiving an extension from the Appeals Council. Doc. 1. On December 14, 2012, the Commissioner filed an Answer arguing that the Court is without jurisdiction to review the ALJ's merits decision and is limited to reviewing solely the Appeals Council's dismissal of Plaintiff's request for review. Doc. 12. On May 6, 2013, instead of filing an opposition brief in response to Plaintiff's brief, the Commissioner filed the instant Motion for Judgment on the Pleadings, arguing that the Commissioner is entitled to judgment affirming the Appeals Council's dismissal of Plaintiff's untimely request for review. Doc. 24. Plaintiff filed a response to the Motion, and Plaintiff does not seriously dispute that the Court lacks jurisdiction to review the ALJ's decision on the merits. Doc. 23 at 3 (seeking an order for remand to the Appeals Council to "give Plaintiff a chance to be heard" and present the facts of her case). In Plaintiff's Response to the Motion, she argues that had good cause for the untimely filing of her request for review. Doc. 26.

*Standards*

Pursuant to Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED.R.CIV.P. 12(c). Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116–17 (11th Cir. 1999). Documents attached to the pleadings become part of the

pleadings and may be considered on a motion for judgment on the pleadings. *See* FED.R.CIV.P. 10(c). Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when there are no material facts in dispute and judgment can be rendered by looking at the substance of pleadings and any judicially noticed facts. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116–17 (11th Cir. 1999); *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Assoc.*, 137 F.3d 1293, 1295 (11th Cir. 1998). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co.*, 137 F.3d at 1295.

The Social Security regulations set forth the 60–day period allowed to request Appeals Council review. 20 C.F.R. § 416.1468. The Appeals Council may deny a request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless a party files an action in district court. 20 C.F.R. § 416.1481. Alternatively, the regulations provide that the Appeals Council may dismiss a request for review if the claimant did not file the request within the stated period of time and the time for filing has not been extended. 20 C.F.R. § 416.1471.

A claimant may request review of an ALJ's decision from the Appeals Council after the 60 day deadline has passed only upon a showing of good cause for missing the deadline. 20 CFR § 416.1411. In the Eleventh Circuit, the District Court has the jurisdiction, pursuant to 42 U.S.C. § 405(g), to review an Appeals Council's decision to dismiss a request for review as a final decision of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *Waters v. Massanari*, 184 F.Supp.2d 1333, 1339 (N.D. Ga.2001) ("The Eleventh Circuit is [the] only federal

circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review.").

In conducting a review of the Appeals Council's decision, the Court considers whether the Appeals Council's decision that Claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, *i.e.*, whether the Appeals Council abused its discretion[2]. *Waters*, 184 F.Supp.2d at 1339 ("All that this Court may consider pursuant to those decisions is whether the Appeals Council abused its discretion in dismissing Plaintiff's tardy request for review."); *see also Powell v. Apfel,* No. 8:00–CV–569–T–JSM (M.D. Fla. Jan. 4, 2001) (Doc. 19 at 5-6) (noting "judicial review, at most, should be limited to determining whether the Appeals Council's denial of an extension of time for seeking review was arbitrary").

## ANALYSIS

A. *Whether the Appeals Council abused is discretion*

Plaintiff argues the Appeals Council's dismissal of Plaintiff's untimely request for review was erroneous as a matter of law, and seeks an order vacating the dismissal and remanding the case to the Appeals Council to review the ALJ's decision on the merits. Docs. 1, 23. The Commissioner filed a Motion for Judgment on the Pleadings arguing that the Court's jurisdiction is limited to consideration of the Appeals Council's dismissal of Plaintiff's request for review, and the dismissal was proper because Plaintiff's request for review was untimely. Doc. 24.

The Commissioner acknowledges the Eleventh Circuit previously held in *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), that an Appeals Council dismissal of a request for

---

[2]Plaintiff in her main brief argued that the substantial evidence standard generally applicable to the ALJ's merits decision, pursuant to *Bloodsworth v. Heckler*, governed whether she was being truthful about her efforts to comply with the law. Doc. 23 at 4. That standard is not applicable to the Appeals Council's dismissal of her request for review.

-5-

review is a "final action" subject to judicial review[3]. The Appeals Council itself cited the *Bloodsworth* decision in its Notice of dismissal of Plaintiff's request for review. As to whether the dismissal was appropriate, the Commissioner contends that the Appeals Council did not abuse its discretion in dismissing Plaintiff's untimely request for review because although the Plaintiff received the ALJ's decision by July 27, 2010[4], which made her appeal due by September 25, 2010 (R. 19-21), according to the Commissioner, Plaintiff did not file her request for review until May 7, 2012. R. 12.

While the Commissioner's brief contains some factual arguments that appear to belong to another case[5] in arguing that Plaintiff waited "three years" to file her request for review, the Administrative Record in this case contains documentation showing ODAR received a letter-request for review from Plaintiff at least by September 6, 2011. R. 17. The Commissioner is correct that Plaintiff subsequently also filed a Request for Review on the SSA form after she had counsel eight months later, on May 7, 2012 (R. 7-8). However, Plaintiff's August 30, 2011 letter appears to comply with the instructions to "write a letter" *or* "use our Request for Review form" specified in the ALJ's Notice of Decision. R. 19. Moreover, the Appeals Council considered her request for review effective as of November 15, 2010 based on her submission, so the *overall length* of the delay in filing a request for review is not really at issue, whether it was two months or longer.

At issue is whether the Appeals Council abused its discretion or acted arbitrarily in finding Plaintiff had submitted no evidence that she timely requested review in August 2010, as she alleges. Plaintiff alleges in the Complaint that after receiving the ALJ's decision, "on or shortly after" August

---

[3]The Commissioner also cites the Commissioner's Acquiescence Ruling 99-4 (http://www.ssa.gov/OP_Home/rulings/ar/11/AR99-04-ar-11 html).

[4]This date includes the 5-day period allowed for mailing.

[5]The Commissioner repeatedly argues in the last three pages of the Motion that Plaintiff is a "he" with "dyslexia" who "waited three years to file his written request" and repeatedly cites to a page in the Record (R. 8) which has nothing to do with the issue. Doc. 24 at 7-9.

12, 2010 – within the 60 days that the regulations allow – Plaintiff timely filed a request for review with the Appeals Council with information on her disability. Doc. 1 ¶ 5. Plaintiff specifically alleged that on November 15, 2010 she called the Social Security 800 number to check the status of her appeal, and was told it had not been processed or received; the government representative instructed her to send another appeal letter and attach a note explaining what happened. Doc. 1 ¶ 6. Immediately after this conversation on November 15, 2010, Plaintiff alleges that she re-mailed her appeal, this time with a tracking number. Doc. 1 ¶ 7.

Approximately nine months later, in August 2011, Plaintiff alleges that she called again to check on the status of her case and was informed that her November 15, 2010 letter/request for review had not been received, despite the fact that Plaintiff had a tracking number; she was told to speak to the Social Security office in Melbourne, Florida. Doc. 1 ¶ 8. Based on the instructions of the Melbourne Social Security office, on August 30, 2011, Plaintiff mailed in a copy of her November 15, 2010 letter (R. 15) with a certified mail tracking number, and the Administrative Record shows it was stamped as received by ODAR on September 6, 2011. R. 17; Doc. 1 ¶ 9.

On March 13, 2012, the Appeals Council consider Plaintiff's contention that she had mailed a letter requesting review within the 60-day window, but found she had not submitted any evidence. The Appeals Council's Order states:

> This case is before the Appeals Council on the claimant's request for review of the Administrative Law Judge's decision issued on July 22, 2010. In a correspondence, dated November 15, 2010, you indicate that you filed a request for review at an earlier, unspecified date. *However, no evidence to support this claim has been submitted*. Accordingly, the Appeals Council finds that your request for review was not filed within 60 days from the date notice of the decision was received as required by 20 CFR 404.968(a). The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.
>
> The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and

the time for filing has not been extended (20 CFR 404.971). The time period will be extended if good cause is shown for missing the deadline (20 CFR 404.968(b)).

*The Appeals Council has considered your correspondence, dated November 15, 2010, and does not find that it establishes good cause.*

The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review.

R. 11-12 (emphasis added).

It is undisputed that Plaintiff received notice of the ALJ's decision by July 27, 2010[6], which made her appeal due September 25, 2010. R. 19-21. It is also undisputed that the earliest letter/request for review in the Record was received by ODAR approximately one year later, on September 6, 2011. R. 17. Though the Administrative Record also contains a copy of a two-page single-spaced typewritten letter (R. 13-14) which challenges the ALJ's decision, the typed letter is *undated*. R. 13 (letter); R. 29-30 (ALJ decision discussing treating physician's opinions). The Record also contains a second separate, handwritten note on stationery dated November 15, 2010, in which Plaintiff wrote:

On November 15th, 2010 I phoned the '800' number to ask the status of my appeal [request for review]. Much to my surprise, you had not received it. This means my 60 days have come and gone. The gentleman on the phone told me to mail it again with a note and this time send it certified. Thank you, Kristine Walker.

R. 15. A copy of the undated two-page typed letter was attached to the copy of the handwritten November 15, 2010 letter and submitted with it. R. 13-14. The envelope with tracking identification number follows on the next page of the Administrative Record and is stamped received by ODAR as of September 6, 2011. R. 16. Plaintiff also submitted in this Court the unauthenticated copies of

---

[6]Plaintiff does not dispute that she actually and timely received the ALJ's decision which gave instructions for requesting review from the Appeals Council. Therefore, Chief Judge Conway's decision in *Counts v. Commissioner of Social Security*, Case No. 6:09–cv–2157–Orl–22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010), is distinguishable because the claimant in that case had not received notice of the ALJ's decision in order to timely file the request for review. *See also Pizarro v. Commissioner of Social Security*, Case No. 6:12-cv-801-Orl-37DAB.

certified mail receipts from a November 15, 2010 mailing and an August 30, 2011 mailing; the receipts contain tracking numbers. Doc. 26 at 8. Notably absent in the Administrative Record, however, is any certified mail receipt, postmark, or dated letter from *August 2010*. Plaintiff does not allege that she presented any such evidence to the Appeals Council.

Plaintiff contends in response to the Motion for Judgment on the Pleadings that the Social Security regulations support consideration of her circumstances in determining good cause to overturn an untimely filing[7]. Doc. 26. Plaintiff argues that the regulations favor fairness and due process for the claimant no matter the time frame, citing 20 C.F.R. § 404.911. Doc. 26 at 1.

The Appeals Council found Plaintiff had submitted "no evidence" to support her claim that she filed a "request for review at an earlier, unspecified date." R. 11. Plaintiff has not pointed to any evidence in this Court that was presented to the Appeals Council in support of her contention that she filed a request for review at an earlier date. Based on the evidence in the Record, which contained neither an affidavit nor a certified mail receipt for an August 2010 letter, the Court cannot find that the Appeals Council's decision was an abuse of discretion.

In *Waters v. Massanari*, 184 F.Supp.2d 1333, 1341-42 (N.D. Ga. 2001), the court considered the claimant's attorney's statement to the Appeals Council, but found there was "no evidence" that the claimant had tried to file a timely request for review where she had not submitted any affidavits in support of her attempt either at the administrative level or in the court, she did not "submit any other documents (incomplete though they might have been) supportive of her alleged attempt to timely challenge the ALJ's decision." The court also found it "significant" that in seeking information from the Appeals Council as to the status of the requested review, the claimant's counsel referred to a date after the deadline passed as the date of her appeal. *Id.* Here, Plaintiff's counsel refers to the date

---

[7]Plaintiff's arguments contradicting the Commissioner's inaccurate statement that Plaintiff's request was "three years" late is addressed in a footnote *supra*.

Plaintiff allegedly wrote her first letter requesting review as "on or about August 12, 2010" – underscoring the lack of any certainty as to when the alleged-timely letter was mailed by her and the lack of any evidence that it was timely posted. *See Powell, supra*, Doc. 19 at 6 (finding Appeals Council had not acted arbitrarily or unreasonably in denying claimant's extension of time to seek review where it found "representative's statements conflicting and no evidence of claimant's alleged hospitalization for serious heart problems had been submitted).

In *Finch v. Barnhart*, 463 F.Supp.2d 1002 (C.D. Cal. 2006), the district judge reviewing the Appeals Council's dismissal of a claimant's untimely request for review held that the evidence she presented to the Appeals Council was insufficient to show she had timely mailed her request for review where the evidence consisted of copies of a letter dated before expiration of the period for requesting review with United States Post Office certificate of mailing addressed to Appeals Council; however, the stamp from Post Office on the certificate of mailing did not constitute a postmark, and according to Postal Service, it did not constitute legal proof of mailing. *Id.* (citing 20 C.F.R. § 404.968(a)). Other courts have ordered a remand to the Appeals Council for a redetermination of the timeliness of the claimant's request for review where the claimant produced sufficient evidence of mailing postmarks (treated by some courts as the equivalent of the filing date) and an affidavit in support to show the appeal was timely submitted. *Sullivan v. Heckler*, 602 F. Supp. 85, 88 (D. Md. 1985) (remanding for determination of whether good cause exited to extend the deadline under "unusual or unavoidable circumstances" existed which prevented claimant "from filing timely" under § 20 C.F.R. § 404.911(b)(9) where her affidavit supported an eight-day delay between physically mailing the letter and the same being postmarked).

As the Court found in *Waters*, the scope of the court's judicial review of the Appeals Council's dismissal under these circumstances is limited. In this case, the Court does not conclude that the

-10-

Appeals Council abused its discretion in finding Plaintiff had not submitted evidence that she filed the request for review before the t0-day deadline.

      B.  *Whether new, material evidence shows good cause for Plaintiff's missing the deadline*

Plaintiff argues that her case should be remanded to the Appeals Council because the Social Security regulations allow a claimant to show good cause for missing the deadline and, through her appeal she has provided such an explanation truthfully.  Doc. 26.  A claimant's written request for an extension of time to request review by the Appeals Council "must give the reasons why the request for review was not filed within the stated time period." 20 C.F.R. § 404.968(b).

The Commissioner uses the standards set forth in 20 C.F.R. § 404.911 to determine whether "good cause" for an extension of time exists, and 20 C.F.R. § 404.911(b) provides:

Good cause for missing the deadline to request review.

(a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider-

    (1) What circumstances kept you from making the request on time;
    (2) Whether our action misled you;
    (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
    (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

    (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
    (2) There was a death or serious illness in your immediate family.
    (3) Important records were destroyed or damaged by fire or other accidental cause.

>>(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
>>(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.
>>(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
>>(7) You did not receive notice of the determination or decision.
>>(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
>>(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. §§ 404.911; *see Waters v. Massanari*, 184 F.Supp.2d 1333, 1338-39 (N.D. Ga. 2001).

Plaintiff argues that she "made every attempt to follow and understand the procedure required to file her appeal, including several calls to SSA, and several trips to the post office to ensure delivery." Doc. 26. She also argues that the actions of SSA either misled her, and/or she had difficulty understanding and navigating the procedure on her own. Doc. 26. She argues that she finally remedied this situation by retaining counsel, and before the Appeals Council dismissal, she made every attempt to file a timely appeal. Doc. 26 at 2 (citing *Young v. Bowen*, 858 F.2d 951 (4th Cir. 1988) (persuasive authority has states that "It offends fundamental fairness . . . to bind a claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial determination.")).

Now that Plaintiff has counsel, she submits psychiatric treatment notes dated November 2010 from the Veterans Affairs Center ("VA") showing she was diagnosed with major depressive disorder, recurrent, and that she was taking psychiatric medications, had been receiving continuing treatment, and had tried several other psychiatric medications which had failed. Doc. 26 at 5-8. Evidence is new

-12-

"if it is not duplicative or cumulative" and is material if there is "a reasonable possibility that the new evidence would have changed the outcome." *Caulder v. Bowen*, 791 F.2d 872, 876-77 (11th Cir. 1986)

The VA psychiatric records were *not* included in the Administrative Record which contained other VA treatment records from an earlier period ending in early 2010, prior to the ALJ's hearing and decision. *See* R. 317-374. The VA psychiatric records were created in November 2010, which was after the September 25, 2010 deadline for submission of Plaintiff's request for review, and they reflect continuing treatment before that time. The Court may remand the case to the Appeals Council for consideration of this new, material evidence, in support of Plaintiff's argument that good cause prevented her timely filing of the request for review and/or provision of evidence of her timely filing. *See* 42 USCA § 405(g), sentence six. *See Ingram v. Commissioner of Social Sec. Admin.,* 496 F.3d 1253, 1267 (11th 2007) ("Our settled precedents establish that a sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review."); *Caulder*, 791 F.2d at 876-77 (holding district court could remand case to Commissioner to consider the new evidence in the first instance).

Applied here, there is a reasonable possibility that the VA records would have changed the Appeals Council's decision finding no good cause to extend the deadline (or treat as timely) Plaintiff's November 15, 2010 letter requesting review of the ALJ's decision. The Social Security regulations specifically account for "mental limitations[8]" that may show good cause for missing a deadline which "prevent" a claimant from "filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 404.911(a). Under these circumstances as alleged

---

[8]As mentioned in a previous footnote, the Commissioner's arguments concerning "dyslexia" and waiting "three years" to file the request for review are completely inapposite to this Plaintiff's circumstances and clearly refer to a different administrative record belonging to a male claimant. Doc. 24 at 8. Thus, the Commissioner's argument that "Plaintiff has no mental incapacity that might justify his three-year delay" is completely inapposite to the facts of this case.

by Plaintiff, it would appear that her situation falls under the specific example given in subparagraph (b)(6), in that Social Security "gave incorrect or incomplete information about when and how to request administrative review or to file a civil suit." 20 C.F.R. § 404.911(b)(6). The ALJ's Notice of Decision - Unfavorable (R. 19-20) gave directions for filing a request for review, but did not specifically instruct Plaintiff to put a date on the letter, provide a tracking number, mail it certified mail, etc., which are all prudent undertakings to retain some evidence of the mailing in the event the letter was lost after she mailed it. The Notice from the ALJ states:

> To file an appeal you must ask in writing that the Appeals Council review my decision. You may use our Request for Review form (HA-520) or write a letter. The form is available at www.socialsecurity.gov. Please put the Social Security number shown above on any appeal you file. If you need help, you may file in person at any Social Security or hearing office.

R. 19.

Given Plaintiff's *new evidence* of mental impairment and mental health treatment near and previous to the time Plaintiff was faced – without counsel – with proving that she had filed her original request for review by the September 25, 2010 deadline, the Court finds the case must be remanded to the Appeals Council to determine whether Plaintiff's new evidence of concurrent mental health treatment and confusion/lack of knowledge of the proof of mailing the August 2010 request for review supports a finding of good cause for the untimely filing of her request for review. *See Sears v. Bowen*, 840 F.2d 394 (7th Cir. 1988) (remanding case to Appeals Council to consider additional new, material evidence of psychiatric report where claimant had demonstrated good cause for his failure to submit it during the administrative process).

It is **ORDERED** and **ADJUDGED** that the decision of the Commissioner is hereby reversed under sentence six of 42 U.S.C. § 405(g) and this case is hereby remanded to the Commissioner of Social Security:

-14-

>The Appeals Council should consider the VA psychiatric records from fall 2010 to determine whether this new, material evidence shows good cause for Plaintiff's missing the deadline – or warranting an extension – which would make Plaintiffs' November 15, 2010 letter-request for review timely. If so, then the Appeals Council will conduct a review of the ALJ's decision on the merits, and will either grant or deny review of the ALJ's decision, and Plaintiff will be the standard right to judicial review following the Appeals Council's decision.

The parties are **ORDERED** to file a status report 90 days from the date of this ORDER, and every 90 days subsequent. The Clerk of the Court is hereby directed to administratively close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 23, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record